No. 1987

Second Circuit Appeal

D. R. SHEHEE v. HENRY JOHNSON
ET AL.

(April 11, 1925, Opinion and Decree.)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Appeal—Par. 625.**
The finding of the trial court where clearl-
correct is affirmed.

2. **Louisiana Digest—**
The burden of proof is on the plaintiff.
Therefore, where in a rent claim he
fails to prove that cotton seized was
grown on his land, he cannot enforce
a lessor's privilege on it.

Appeal from Third Judicial District
Court of Louisiana, Parish of Bienville,
Hon. J. E. Reynolds, Judge.

This is a suit against the owner and
seizing creditors to have privileges recog-
nized on cotton and cottonseed which
were seized by creditors above mentioned.

There was judgment for plaintiff and
defendant creditors appealed.

Judgment amended and affirmed.

J. Rush Wimberly, of Arcadia, attorney
for defendants, appellants.

Goff & Barnett, of Arcadia, attorneys
for plaintiff, appellee.

CARVER, J.   C. C. Allums and W. B.
Allums, in one suit, and E. R. Burkhalter,
in another suit, having seized two bales
of cotton and cotton seed under execution
against Henry Johnson in the Justice's
court of ward 4, Bienville parish, Louisiana,

D. R. Shehee brings this suit in the Dis-
trict Court in and for Bienville parish
claiming privileges against the cotton and
seed, as follows:

1. Ninety dollars for necessary supplies
advanced Johnson to make the crop by
O. C. Thomas Company for which Shehee
was security and which he paid.

2. Eighty-five dollars on a note given
Shehee for money advanced by him to
Johnson to buy necessary supplies for that
purpose.

3. Five dollars cash advanced for the
same purpose.

4. Twenty dollars for rent of land be-
longing to Shehee on which it was claimed
part of the cotton was raised.

5. Fifty dollars rent of land belonging
to Giddens Petroleum Company, for which
debt Shehee was responsible and after-
wards paid and on which land some of
the cotton was raised.

Plaintiff sued not only Henry Johnson
but also Burkhalter, the Allumses, and the
constable and asked the District Court
to rank the privileges.

Defendants make no objection to the
plaintiff's course in asking the District
Court to rank the privileges instead of
referring the matter to the court having
jurisdiction of the property seized for the
purpose of such ranking.

The answer of Burkhalter and the Al-
lumses is a general denial.

Johnson makes no defense.

The District Judge gave judgment as
prayed for, less $2.10 on the Thomas Com-
pany supply account which the proof
showed was $87.90 instead of $90.00.

The defendants Burkhalter and C. C.
Allums and W. B. Allums appeal, but John-
son does not.

There is little or no dispute that the
Thomas Company advanced $87.90 for neces-
sary supplies to make the crop or that
Shehee himself advanced $90.00 for that
purpose, or that Johnson owed the rent
claims of Shehee and the Giddens Petro-
leum Company.

The argument in this court is, that, for
various reasons Shehee is not entitled to
the privileges claimed.

As to the Thomas Company account, de-
fendants urge that Shehee cannot recover

because the account was made out against "D. D. R. Shee, for Pinkie Johnson" and so kept on the company's books, and because the transfer of the account to Shehee was made by the attorney of the company without proof of his authority to do so.

We think it immaterial how the company kept the account or made it out. Pinkie was the wife of Henry Johnson, between whom and herself the law presumed the existence of a marital community. The testimony shows that Pinkie and Henry did not have separate crops but cultivated the land together. As head and master of the community Henry was responsible for the debt and the supplies having been used to make the crop, the debt is entitled to privilege. Civil Code, 3217.

The testimony further shows that Shehee arranged with the Thomas Company to furnish the supplies and made himself responsible to it therefor. If the company's attorney had no authority to transfer the account, he is presumed to have had authority to collect it. The act of transfer introduced in evidence recites that Shehee paid it and the account itself shows, under date of November 24, 1922 (the day before the sale): "By cash, Dr. Shehee, $87.90". This payment, had there been no transfer at all, would carry a legal subrogation under Civil Code, 2161, which provides as follows:

"Subrogation takes place of right................ 3. For the benefit of him who being bound with others or for others for the payment of the debt had an interest in discharging it."

As to the Giddens Petroleum Company rent claim, the testimony of Shehee is that Johnson rented a tract of land from the Giddens Petroleum Company for the year 1922 for $50.00 and that he told Giddens he would be responsible for it. Goff says Shehee paid this rent before the suit was filed, and the transfer from the Giddens Petroleum Company is dated November 16, 1922—eight days before the suit was filed. Burkhalter testifies that the biggest part of the cotton was raised on the Giddens place. He further says that Giddens told him that part of this claim was for rent of 1921. But we are inclined to think he is mistaken about this, as we gather from an offering of record evidence (sheriff's deed from Henry Johnson to Giddens Petroleum Company) which, though, was left out of the transcript, that the Giddens Petroleum Company did not own the land in question during the year 1921 but that it belonged that year to Johnson himself.

We think, under this proof, that the Giddens rent claim carried a privilege on the cotton seized.

In our opinion, though, the Judge erred in allowing a privilege for the $20.00 rent due Shehee for his own place. The only testimony on his claim is as follows: (page 8):

"Q. Now I believe you state here that he owes you $20.00 for rent. Just tell us about that?
"A. That was a piece of land that belonged to myself that I rented to Henry Johnson.
"Q. Do you know whether the cotton that was raised on any part of it was raised on this land?
"A. Yes, sir; a part of it was raised on that land; I don't know how much of it, but part of it.

We do not think this sufficient to show how much, if any, of the cotton seized was raised on this property.

For the foregoing reasons, the judgment of the lower court is amended by disallowing the privilege claimed by plaintiff for the rent of his own land, namely, $20.00, and the interest thereon, and that, as thus amended, it is affirmed.